# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| DANIEL TRINIDAD, JR., ) | 3:17-cv-00353-MMD-WGC |
| Plaintiff, ) | **ORDER** |
| vs. ) | Re: ECF No. 14 |
| UNITED PARCEL SERVICE, ) | |
| Defendant. ) | |

Before the court is Plaintiff's "Request for Public Defender" (ECF No. 14), which the court interprets as being a motion for appointment of pro bono counsel. Plaintiff's rationale for such is that he is "on a limited income, and has worked diligently and contact several lawyers, including from Washoe Legal Services, and LRIS State Bar of Nevada Referral Request Service who recommended a lawyer." (*Id*.) Plaintiff also states a stay of Defendant's Motion to Dismiss (ECF No. 9) is needed as Plaintiff is "unable to provide the requested information within the required time listed on the (sic) on the attached Motion to Dismiss; as I do not fully comprehend all the information provided and the additional supporting documentation, and the nature of motion to dismiss." (*Id.*)

A litigant in a civil rights action does not have a Sixth Amendment right to appointed counsel. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). In very limited circumstances, federal courts are empowered to request an attorney to represent an indigent civil litigant. The circumstances in which a court will grant such a request, however, are exceedingly rare, and the court will make the request under only extraordinary circumstances. *United States v. 30.64 Acres of Land*, 795 F.2d 796, 799-800 (9th Cir. 1986); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

/ / /

A finding of such exceptional or extraordinary circumstances requires that the court evaluate both the likelihood of Plaintiff's success on the merits and the *pro se* litigant's ability to articulate his claims in light of the complexity of the legal issues involved. Neither factor is controlling; both must be viewed together in making the finding. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991), *citing Wilborn, supra,* 789 F.2d at 1331. However, the district court exercises discretion in making this finding.

The court cannot conclude from Plaintiff's request (ECF No. 14) that "exceptional circumstances" exist so as to justify the appointment of counsel in this case. First, Plaintiff does not address the likelihood of success on the merits. Second, thus far, Plaintiff has demonstrated an ability to articulate his claims.[1] While Plaintiff asserts that this case involves complex issues, he does not explain how the issues are complex. Nor is this obvious from the complaint itself.

**IT IS HEREBY ORDERED** that Plaintiff's "Request for Public Defender" (ECF No. 14) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff shall have thirty (30) days from the date of this order in which to file a response to Defendant's Motion to Dismiss (ECF No. 9).

DATED: January 25, 2018.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE

---

[1] The court also notes that Plaintiff's complaint is based on alleged discrimination against him by UPS on "the basis of age, race, and nationality. Equal pay based on seniority. Harassment from superiors." (ECF No. 5 at 4.) Plaintiff states that between 2000 and 2017, he filed 181 grievances against the company on these subjects. Copies of his 181 grievances appear to be attached as Exhibits 1-18 to his complaint. Plaintiff also filed complaints with the EEOC in 2006, 2016 and 2017. Plaintiff thus appears to have been able to articulate his claims, albeit in different forums.