UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DANIEL TRINIDAD, JR., <br> Plaintiff, <br> v. <br> UNITED PARCEL SERVICE, <br> Defendant. | Case No. 3:17-cv-00353-MMD-WGC <br><br> ORDER |

**I.   INTRODUCTION**

Plaintiff Daniel Trinidad, Jr. ("Trinidad"), who is proceeding *pro se*, asserts that he has been subjected to discrimination and harassment based on his race, age, and nationality during his more than twenty-one years of employment with Defendant United Parcel Service ("UPS"). (ECF No. 5 at 3.) Before the Court is UPS's motion to dismiss, or in the alternative, motion for a more definite statement ("Motion"). (ECF No. 9.) The Court has also reviewed Trinidad's untimely response (ECF No. 36)[1] and UPS's reply (ECF No. 37). For the reasons discussed herein, UPS's Motion (ECF No. 8) is granted. However, the Court grants Trinidad leave to amend his Complaint.

**II.   RELEVANT BACKGROUND**

The following facts are taken from Trinidad's Amended Complaint. (ECF No. 5.) Trinidad is seventy-two years old. He has worked for UPS since 1996. During his employment, Trinidad has been subject to harassment and discrimination based on his

---

[1] The Court *sua sponte* extended the deadline for Plaintiff to respond to February 24, 2018. (*See* ECF No. 22.) Trinidad filed his response on April 10, 2018. (ECF No. 36.)

race, age, and nationality, and has received unequal pay based on "seniority." (ECF No. 5 at 3-4.) As support for his claims, Trinidad alleges, *inter alia*, that he was "suspended for using the restroom without permission;" there was one occasion when everyone was given a fifteen-minute break except for him; he was "continuously followed around by [his] supervisor" who yelled at him; he "was suspended when they told [him] to lift boxes more than [he could] carry;" his work was given to others when he had seniority; he was denied pay; and he was retaliated against "after meeting with the Panel." (*Id.* at 4.)

Trinidad alleges that he filed 181 grievances through the union. He also filed a complaint with the U.S. Equal Employment Opportunity Commission ("EEOC") in 2006, 2016, and 2017. He was told to file a lawsuit under the "ADEA,"[2] but he was fearful of losing his job. However, he later decided to proceed with filing a lawsuit and initiated this action on June 6, 2017. (*See* ECF No. 1.)

The Amended Complaint attaches a copy of the Notice of Right to Sue ("Notice") for Trinidad's 2006 and 2016 EEOC charges of discrimination. (ECF No. 5-8; ECF No. 5-16.) The 2006 Notice states the EEOC was closing his case, informing Trinidad that he had ninety days from receipt of the Notice to file a lawsuit.[3] (ECF No. 5-8 at 2.) The 2016 Notices appear to be related to two separate charges. EEOC Charge No. 550-2016-00546 ("546 Charge") alleges age and national origin discrimination. (ECF No. 5-16 at 11.) In particular, Trinidad claims that: "[s]ince May 2013, [his] supervisor, Carson Cooke, has been harassing and discriminating against [him] . . . During the second week of December 2015, Cooke instructed everyone to take a 15 minute break except [for Trinidad]." (*Id.*) EEOC Charge No. 550-2016-00644 ("644 Charge") alleges retaliation and age discrimination based on a February 9, 2016 meeting where Trinidad was told he "was grossly insubordinate and [his] behavior was unprofessional and inappropriate when [he]

---

[2]Plaintiff appears to refer to the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621-34.

[3]The 2006 documents (ECF No. 5-8) do not include the notice of charge to identify Trinidad's allegations in connection with his 2006 EEOC charge of discrimination.

failed to follow instructions from management and [he] made inappropriate comments toward a supervisor." (*Id.* at 8.) The 644 Charge alleges that Trinidad was informed of his discharge by letter on February 12, 2016.[4] (*Id.*) Both charges contain a signature date of April 21, 2016. (*Id.* at 8, 11.) The EEOC issued separate Notices relating to both charges on March 31, 2017. (*Id.* at 7, 10.)

Trinidad filed his application to proceed *in forma pauperis* and his Complaint on June 6, 2017. (ECF No. 1.) The Court dismissed his Complaint with leave to amend. (ECF No. 3.) Trinidad filed his Amended Complaint (and his initial Complaint) on the court's form complaint titled "Civil Rights Complaint Pursuant to 42 U.S.C. §1983." (ECF No. 5.)

## III. LEGAL STANDARD

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (internal citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, a district court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 678. Second, a district court must consider whether the factual allegations in the complaint allege a

---

[4]This is contrary to allegations in the Amended Complaint which suggest that Trinidad is still employed with UPS.

plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow a court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678. Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but it has not shown—that the pleader is entitled to relief." *Id.* at 679 (internal quotation marks omitted). When the claims in a complaint have not crossed the line from conceivable to plausible, the complaint must be dismissed. *Twombly*, 550 U.S. at 570.

A complaint must contain either direct or inferential allegations concerning "all the material elements necessary to sustain recovery under *some* viable legal theory." *Twombly*, 550 U.S. at 562 (*quoting Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1989)).

Allegations in *pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers, and must be liberally construed. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam); *see also Hamilton v. Brown*, 630 F.3d 889, 893 (9th Cir. 2011); *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). Though *pro se* pleadings are to be liberally construed, a plaintiff must still present factual allegations sufficient to state a plausible claim for relief. *Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010).

## IV. DISCUSSION

UPS argues that Trinidad cannot assert claims under 42 U.S.C. §1983; that claims based on the Notice issued in 2006 are time barred; and that Trinidad fails to state a claim. (ECF No. 9 at 7-9.) Trinidad's response reiterated that he is alleging age discrimination under the ADEA. (ECF No. 36 at 2.) The Court finds dismissal is appropriate. However, the Court will grant Trinidad leave to amend because it is not clear that amendment is futile.

### A. Claims under 42 U.S.C. § 1983

UPS argues that any claims asserted under 42 U.S.C. § 1983 must be dismissed because UPS is a private party and the Amended Complaint fails to allege any facts to

4

show that UPS acted jointly with the state. (ECF No. 9 at 7-8.) Trinidad's response does not challenge UPS's contention. He states that he is suing based on the ADEA. (ECF No. 36 at 2.) Private parties cannot be sued under section 1983. *See Chudacoff v. Univ. Med. Ctr. of S. Nevada*, 649 F.3d 1143, 1149 (9th Cir. 2011). Thus to the extent Trinidad is asserting claims under section 1983, they are dismissed with prejudice.

### B. Claims Based on the 2006 Notice

UPS asserts that any claims for age and race discrimination based on the 2006 Notice are time-barred. (ECF No. 9 at 9.) Trinidad fails to address to this argument. (*See* ECF No. 36.)

A plaintiff must file a lawsuit within ninety days from the EEOC's issuance of a notice of right to sue. *See O'Donnell v. Vencor Inc.*, 466 F.3d 1104, 1111 (9th Cir. 2006). Here, the documents relating to the 2006 Notice show that the Notice, which is dated October 30, 2006, informed Trinidad that he must file a lawsuit within ninety days of his receipt of the Notice. (ECF No. 5-8 at 2.) Trinidad did not file this action until June 6, 2017. (ECF No. 1.)

Trinidad alleges that while he "was told to file a suit under the ADEA . . . [he] was afraid to do so for fear of losing [his] job." (ECF No. 5 at 3.) While Trinidad does not claim equitable tolling, the Court finds that equitable tolling does not apply. "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (citing *Irwin v. Dept. of Veterans Affairs*, 498 U.S. 89, 96 (1990)). Trinidad claimed he was fearful of losing his job if he filed a lawsuit after he received the 2006 Notice, but he also claimed he continued to file grievances with his union and then filed charges of discrimination with the EEOC in 2016 and 2017. Under these circumstances, there is no excuse for Trinidad waiting twelve years to sue based on the 2006 Notice.

//
//

### C. Failure to State a Claim

UPS contends that the Amended Complaint fails to allege facts to state the date Trinidad received the 2016 and 2017 Notices to allow the Court to determine whether claims based on those Notices are timely and fails to sufficiently state a claim. (ECF No. 9 at 10.) UPS requests as alternative relief a more definite statement. (*Id.* at 10-12.)

Trinidad alleges that he filed two charges of discrimination in 2016 and 2017, but he does not identify when he received the notice of right to sue for either charge. (*See* ECF No. 5 at 3.) However, the Amended Complaint attaches documents showing two charges filed in 2016—the 546 Charge and the 644 Charge—for which Notices were issued on March 31, 2017.[5] (ECF No. 5-16 at 7-11.) Thus, regardless of when Trinidad received these Notices, he filed this action within ninety days of March 31, 2017. Any claims for discrimination based on age and national origin and for retaliation arising out of the 2016 charges of discrimination are timely. However, because the Amended Complaint does not include allegations relating to these two 2016 charges of discrimination or identify if the alleged actions listed under "Count I" (ECF No. 5 at 4) are related to any of the 2016 charges, it is not clear whether such alleged actions arise out of these charges to render the claims asserted timely.

The Amended Complaint suffers from another deficiency—it does not allege sufficient facts to state a plausible claim for relief. Trinidad alleges in "Count I" "discrimination [on] the basis of age, race, and nationality" and "[e]qual pay based on seniority." (ECF No. 5 at 4.) He then lists some alleged actions without alleging when they were taken, how they relate to his protected status, or whether the alleged action was taken because of his protected status. (*See id.*) Moreover, as discussed above, because the Amended Complaint does not contain allegations relating to the 2016 and purported 2017 EEOC charges of discrimination, it is not clear whether the alleged actions identified in the Amended Complaint relate to or arise out of these charges of discrimination for the

---
[5]The documents attached to the Amended Complaint do not contain Trinidad's alleged 2017 EEOC charge of discrimination.

Court to determine whether the claims are timely filed. Without more allegations, the Court cannot reasonably infer more than the mere possibility of misconduct, which is not sufficient to satisfy Rule 8's pleading requirements. *See Iqbal*, 556 U.S. at 679.

**D.    Leave to Amend**

The Court has discretion to grant leave to amend and should freely do so "when justice so requires." *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990) (quoting Fed. R. Civ. P. 15(a)). As Trinidad is proceeding *pro se* and the Court cannot conclude that amendment would be futile, the Court grants him leave to file an amended complaint.

To the extent Trinidad wishes to assert a claim of discrimination based on age and/or a claim of retaliation arising from the 2016 Notices or any purported 2017 Notice, he must identify when he filed the charges and when he received a Notice of Right to Sue.

In addition, Trinidad should be aware of the laws governing an age discrimination claim to ensure he alleges sufficient facts to satisfy Rule 8's pleading requirements. In order to establish a disparate treatment claim, a plaintiff must offer evidence that gives rise to an inference of unlawful discrimination, either through the framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), or with direct or circumstantial evidence of discriminatory intent. *Vasquez v. Cty. of L.A.*, 349 F.3d 634, 640 (9th Cir. 2003), *as amended* (Jan. 2, 2004); *see also Shelley v. Geren*, 666 F.3d 599, 608 (9th Cir. 2012) (holding that the *McDonnell Douglas* framework is still applicable to motions for summary judgment on ADEA claims after the Supreme Court's decision in *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 176 (2009)). "Under this framework, the employee must first establish a prima facie case of age discrimination." *Diaz v. Eagle Produce Ltd. P'ship*, 521 F.3d 1201, 1207 (9th Cir. 2008) (internal citations omitted). "If the employee has justified a presumption of discrimination, the burden shifts to the employer to articulate a legitimate, non-discriminatory reason for its adverse employment action." *Id.* "If the employer satisfies its burden, the employee must then prove that the reason advanced by the employer constitutes mere pretext for unlawful discrimination." *Id.* Further, to successfully establish an ADEA disparate treatment claim, the plaintiff must prove that

age was the "but-for" cause of the employer's adverse decision. *Gross*, 557 U.S. at 176 ("[T]he ordinary meaning of the ADEA's requirement that an employer took adverse action 'because of' age is that age was the 'reason' that the employer decided to act."). "Direct evidence is evidence which, if believed, proves the fact of discriminatory animus without inference or presumption." *Godwin v. Hunt Wesson, Inc.*, 150 F.3d 1217, 1221 (9th Cir. 1998) (citation omitted). In the context of an ADEA claim, direct evidence "is defined as evidence of conduct or statements by persons involved in the decision-making process that may be viewed as directly reflecting the alleged discriminatory attitude sufficient to permit the fact finder to infer that that attitude was more likely than not a motivating factor in the employer's decision." *Enlow v. Salem-Keizer Yellow Cab Co., Inc.*, 389 F.3d 802, 812 (9th Cir. 2004) (citation, internal quotation marks, and ellipsis omitted).

A plaintiff can establish a prima facie case of disparate treatment under the ADEA with circumstantial evidence by demonstrating that he was (1) a member of the protected class (at least age forty); (2) performing his job satisfactorily; (3) subject to an adverse employment decision; and (4) either replaced by a substantially younger employee with equal or inferior qualifications or that there were circumstances otherwise "giving rise to an inference of age discrimination." *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1281 (9th Cir. 2000).

To the extent Trinidad wishes to allege a claim of retaliation arising from the 2016 Notices or any purported 2017 Notice, he should also allege sufficient facts to support a retaliation claim. Courts utilize the same three-part burden-shifting test in ADEA retaliation cases and ADEA disparate impact cases. *See Ray v. Henderson*, 217 F.3d 1234, 1240 (9th Cir. 2000). To establish a claim of retaliation, a plaintiff must prove that (1) he engaged in a protected activity; (2) he suffered an adverse employment action; and (3) there was a causal link between the plaintiff's protected activity and the adverse employment action. *Poland v. Chertoff*, 494 F.3d 1174, 1179-80 (9th Cir. 2007). There are two types of protected activities under 29 U.S.C. § 623(d): opposing any practice made unlawful by the section (the "opposition clause") or filing a charge or otherwise participating in any manner

| | |
|---|---|
| 1 | in an investigation, proceeding, or litigation under the ADEA (the "filing and participating" |
| 2 | clause). |

**V. CONCLUSION**

The Court notes that Defendant made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of Defendant's motion.

It is therefore ordered that UPS's motion to dismiss (ECF No. 9) is granted. Trinidad is granted leave to file an amended complaint to cure the deficiencies of his Amended Complaint. Trinidad will be given until September 7, 2018, to file an amended complaint. Failure to file an amended complaint by September 7, 2018, will result in dismissal of this action with prejudice.

DATED THIS 7th day of August 2018.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE